Dear Mr. Jackson:
You have requested an Attorney General's opinion in your capacity as president for the East Carroll Police Jury regarding Prison District No. 1 for the Sixth Judicial District.
Your questions regarding Prison District No. 1 are:
 1. Whether Prison District No. 1 for the Sixth Judicial District is a single Parish Prison District?
 2. How the Board of Governors should be composed?
 3. Whether the Board of Governors has the authority to lease the facility and implement any other legal as well as necessary business transactions when it is in the best interest of the District and/or its population?
Louisiana Legislative Act 189 of 1928, Section 1, gave the authority to one or more parishes of a Judicial District to create a Prison District, when it is in their best interest to do so. Pursuant to the authority delegated by the above referenced act the East Carroll Police Jury, by resolution on February 12, 1930, enacted ordinance No. 1298 establishing Prison District No. 1 of the Sixth Judicial District. The ordinance states in pertinent part:
 The said district shall comprise the territory now embraced within the limits of the Parish of East Carroll and shall be known as Prison District No. 1 of the Sixth Judicial District of Louisiana . . . said District shall be governed by a Board of Government composed of two members of the Police jury of East Carroll.
When the East Carroll Police Jury enacted this ordinance it is clear that Prison District No. 1 did not encompass or include the other two parishes within the Sixth Judicial District in the make-up of Prison District No. 1. It solely remains within the territory encompassed by the East Carroll Parish. Also, you indicated in our conversations that East Carroll is the parish that governs and maintains the prison district and its facilities. Therefore, Prison District No. 1 would be considered a single parish prison district.
La. R.S. 15:804 dictates the composition of the Board of Governors. Provision (C) of the above referenced statute states:
 In any parish having a population of not less than eight thousand nor more than fourteen thousand, or having a population between fourteen thousand seven hundred fifty and fifteen thousand two hundred fifty, where only one parish governs and administers a prison district, the board of governors shall be composed of the president of the police jury of the administering parish and two other police jurors to be appointed by the police jury of the parish. The members of the board of governors shall elect one of their number president and one vice president. The clerk of the police jury of the parish where the prison district is domiciled shall be the secretary of the board and the parish treasurer shall be ex officio treasurer.
To fit under this provision of La. R.S. 15:804(c), two requirements must be met. The first being the population requirement, the second requires that only one parish governs and administers the prison district. Once these requirements are met then the board of governors shall be composed as Subsection (c) States.
You have indicated to me, through correspondence and conversations, that you estimate the population of East Carroll to be 8,800. In 2000 the United States Census Bureau stated the population of East Carroll to be 9,421 and they estimated the population to be 8,954 in 2004. This indicates that the population requirement under subsection (c) is met.
Also, through our conversations and correspondence you have stated that East Carroll is the sole parish that has governed and maintained Prison District No. 1 since its inception. The exception being that when the other two parishes in the Sixth Judicial District send their prisoners to the facility located within the Prison District they pay the cost of housing those prisoners. Since East Carroll is the only parish that governs and administers the daily operations of the Prison District and its facilities the second requirement is met.
Since both requirements have been met the composition of the board of governors is dictated by La. R.S. 15:804(c).
Lastly, LA. R.S. 15:805 provides for the powers and duties of the Board of Governors. A review of these provisions reveals no statutory authority for the Board of Governors to enter into the agreement (lease) contemplated in your request. R.S. 39:1800.1,
et seq., constitutes the statutory provisions relating to the Louisiana Corrections Private Management Act (Act). The Act authorizes the State and local governmental subdivisions to enter into contracts with qualified prison contractors for the financing, acquiring, designing, leasing, constructing and/or operating of prison facilities. Section 1800.3(9) defines "Prison" or "facility" or "prison facility" to mean "any institution to be opened after June 28, 1989 and which is not operational as of May 22, 1989". Since the District was established back in the 1930s, the provisions of the Act would not be available to the District. Accordingly, it is the opinion of this office that there is no legal authority for the Board of Governors to enter into a contract for the management and/or lease of the District's facilities.
Trusting this adequately responds to your request, we remain,
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL